**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**at COVINGTON**

**CIVIL ACTION NO. 11-386-DLB-CJS**

**DENNY L. FRENCH**                                                                                     **PLAINTIFF**


**vs.**                          **COURT'S INSTRUCTIONS TO THE JURY**


**CLARKSVILLE STAVE & LUMBER CO., LTD.**                                      **DEFENDANT**

********************

Now that you have heard all of the evidence and the arguments of counsel, it becomes my duty to give you the instructions of the Court concerning the law applicable to this case.  It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you shall find them from the evidence.  You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.

These instructions will be in four parts: first, some general rules that define and control your duties as jurors; second, the rules of law that you must apply in deciding whether the Plaintiff has proved his case; third, some general rules that should govern your deliberations; and lastly, a verdict form consisting of separate interrogatories which must be answered by you during your deliberations.  A copy of these instructions will be available for you in the jury room.

1

INSTRUCTION NO. 1

**Jurors' Duties**

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in the instructions of the Court, just as it would also be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence presented to you during trial.

In deciding the facts of this case, you must not be swayed by bias, prejudice or favor as to any party. Our system of law does not permit jurors to be governed by prejudice, sympathy, or public opinion. The parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the Court, and reach a just verdict regardless of the consequences.

This case should be considered and decided by you as an action between persons of equal standing in the community. All persons stand equal before the law.

INSTRUCTION NO. 2

**Evidence Defined**

You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations agreed to by the parties.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

INSTRUCTION NO. 3

**Direct and Circumstantial Evidence**

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weigh to give the direct and circumstantial evidence. The law does not say that one type of evidence is better than the other, and makes no distinction between the weight that you should give to either one. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

INSTRUCTION NO. 4

**Burden of Proof**
**Preponderance of the Evidence**

The burden is on the Plaintiff in a civil action to prove every essential element of his claim by a "preponderance of the evidence."  A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true.

As I mentioned at the start of trial, in quantifying the "preponderance of the evidence" standard, it might be helpful to visualize a pair of scales in equal balance. Imagine that you can put Plaintiff's evidence on one side of the scale and Defendant's evidence on the other side of the scale.  If the scales tip ever so slightly in favor of Plaintiff's evidence, Plaintiff's evidence preponderates and Plaintiff has sustained his burden of proof. If the scales tip the other way ever so slightly in favor of Defendant, then Plaintiff has not sustained his burden of proof.  Should you feel that the scales are evenly balanced, that neither party's evidence outweighs the other, Plaintiff has failed to meet the burden of proving his case by a preponderance of the evidence.

INSTRUCTION NO. 5

**Credibility of Witnesses**

You have been instructed that you must consider all of the evidence.  That does not mean, however, that you must accept all of the evidence as true or accurate.

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves.  You may be guided by the appearance and conduct of the witnesses, or by the manner in which the witness testifies, or by the character of the testimony given, or by the evidence contrary to the testimony given.

You should carefully scrutinize all of the testimony given, the circumstances under which each witness testified, and every matter in evidence which tends to show whether a witness is worthy of belief.  Consider each witness' intelligence, motive, and state of mind, as well as the witness' demeanor or manner while on the witness stand.  Consider the witness' ability to observe the matters on which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters.  Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently; an innocent mis-recollection, like the failure of recollection, is not an uncommon experience.  In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results

6

from innocent error or intentional falsehood.

After making your own judgment, you should give the testimony of each witness such weight, if any, as you may think it deserves.  You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact.  You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a large number of witnesses to the contrary.

All of these are matters for you to consider in deciding the facts.

INSTRUCTION NO. 6

**Impeachment of Witness**

A witness may be discredited or "impeached" by contradictory evidence, by showing that at some other time the witness has said or done something, or has failed to say or do something which is inconsistent with the witness' present testimony.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

INSTRUCTION NO. 7

**Opinion Witnesses**

You have heard the testimony of Dr. William Baldwin, Dr. Lawrence Lynch and Kenneth R. Agent who offered opinion testimony.

You do not have to accept a witness' opinions.  In deciding how much weight to give those opinions, you should consider the witness' qualifications and how the witness reached those conclusions.  You should also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness' testimony to believe, and how much weight it deserves.

INSTRUCTION NO. 8

**Use of Notes**

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids.  You should not give your notes precedence over your independent recollection of the evidence.  If you took notes, you should rely upon your own independent recollection of the proceedings, and you should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.

INSTRUCTION NO. 9

**Introduction**

That concludes the part of my instructions explaining your duties and the general rules that apply in every civil case.  I will now briefly explain the law governing Plaintiff's claims in this particular case.

INSTRUCTION NO. 10

**Ordinary Care**

"Ordinary care" as used in these instructions means such care as the jury would expect an ordinarily prudent person to exercise under similar circumstances.

INSTRUCTION NO. 11

**Negligence**

It was the duty of Defendant Clarksville Stave & Lumber Co., Ltd.'s driver, Russell Meyer, while operating his vehicle to exercise ordinary care for his own safety and the safety of others using the roadway.  This general duty contained the specific duties:

(a)    To keep a lookout ahead for persons in front of him or so near his intended line of travel as to be in danger of collision;

(b)    To have his vehicle under reasonable control;

(c)    To drive at a speed no greater than was reasonable and prudent, having regard for the traffic and for the condition and use of the roadway;

(d)    To obey the proper instructions of any official traffic control device and/or any traffic personnel exercising appropriate control measures applicable to his vehicle's travel upon the roadway;

(e)    To keep his vehicle to the right side of the highway as nearly as possible upon meeting the approaching vehicle of another driver; and

(f)    To exercise ordinary care generally to avoid collision with other vehicles using the roadway.

In determining whether or not Defendant Clarksville Stave & Lumber Co., Ltd.'s driver, Russell Meyer, exercised ordinary care, you may consider whether or not he complied with these duties.

13

INSTRUCTION NO. 12

**Comparative Fault**

It was the duty of Plaintiff Denny L. French to exercise ordinary care for his own safety and the safety of others using the roadway.  This general duty contained the specific duties:

(a)    To keep a lookout ahead for persons in front of him or so near his intended line of travel as to be in danger of collision;

(b)    To have his vehicle under reasonable control;

(c)    To drive at a speed no greater than was reasonable and prudent, having regard for the traffic and for the condition and use of the roadway;

(d)    To obey the proper instructions of any official traffic control device and/or any traffic personnel exercising appropriate control measures applicable to his vehicle's travel upon the roadway;

(e)    To keep his vehicle to the right side of the highway as nearly as possible upon meeting the approaching vehicle of another driver; and

(f)    To exercise ordinary care generally to avoid collision with other vehicles using the roadway.

In determining whether or not Mr. French exercised ordinary care, you may consider whether or not he complied with these duties.

INSTRUCTION NO. 13

**Causation**

Plaintiff bears the burden of establishing, not only that Defendant Clarksville Stave & Lumber Co., Ltd.'s driver, Russell Meyer, was negligent while operating his vehicle, but also that such negligence was a substantial factor in causing the injuries and/or losses to Plaintiff.

Likewise, if you find that Mr. French failed to exercise ordinary care, with regard to his safety and the safety of others using the roadway, you must also consider whether such failure was a substantial factor in causing his injuries and/or losses.

INSTRUCTION NO. 14

**Apportionment of Fault**

If you find both parties to be at fault, you must also determine from the evidence what percentage of total fault was attributable to each of the parties.  In determining the percentages of fault, you shall consider both the nature of the conduct of each party at fault and the extent of the causal relation between the conduct and the damages claimed.

INSTRUCTION NO. 15

**Damages**

I will now instruct you on Plaintiff's claim for damages.  You should not, however, interpret the fact that I have given you instructions concerning the issue of Plaintiff's damages as indicating that Plaintiff should, or should not, prevail in this case.  It is your task to determine whether Defendant is liable.  I am instructing you on damages only so that you will have guidance in the event you decide that Defendant is liable and that Plaintiff is entitled to recover money from Defendant.

Any damages you award must have a reasonable basis in the evidence.  Damages need not be mathematically exact, but there must be enough evidence for you to make a reasonable estimate of damages without speculation or guess work.

The proper measure of damages for injury to personal property is the difference in the fair market value of the property before and after the accident.  "Fair market value" is the price that a person who is willing but not compelled to buy would pay and a seller who is willing but not forced to sell would accept for the property in question.

Calculate the amount of damages, if any, without regard to the percentages of fault you may apportion under Instruction No. 14.  In other words, do not reduce any damage award by the percentage of fault you may have attributed to the Plaintiff.  The Court will perform those calculations, if necessary.

INSTRUCTION NO. 16

**Duty to Mitigate**

The Plaintiff has the duty to mitigate or minimize his damage.  If you are satisfied from the evidence that Plaintiff failed to exercise reasonable care in obtaining proper treatment for his injuries, protecting his property or seeking other employment, you will exclude from the amount of the award so much of his damages as you believe from the evidence would have been avoided by the exercise of such care.

INSTRUCTION NO. 17

**Introduction**

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence.  Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson.  How you go about choosing your foreperson is entirely up to you.  This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them with your juror numbers, and then give them to the jury officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages.  Do not ever write down or tell anyone how you stand on your votes.  For example, do not write down or tell anyone that you are split 4-4, or 6-2, or whatever your vote happens to be.  That should stay secret until you are finished.

19

INSTRUCTION NO. 18

**Experiments, Research and Investigation**

Remember that you must make your decision based only on the evidence that you saw and heard here in court.  Do not try to gather any information about the case on your own while you are deliberating.

For example, do not conduct any experiments inside or outside the jury room; do not bring any books, like a dictionary, or anything else with you to help you with your deliberations; do not conduct any independent research, reading or investigating about anything discussed in this case.

Make your decision based only on the evidence that you saw and heard here in court.

INSTRUCTION NO. 19

**Unanimous Verdict**

All eight of you must agree on each interrogatory to which an answer is requested.

When all eight of you have reached a unanimous agreement as to each answer, the foreperson shall sign, using his or her juror number only, the interrogatories setting forth the answer upon which you unanimously agree and you should then return with these instructions to the courtroom.

INSTRUCTION NO. 20

**Duty to Deliberate**

Now that all the evidence is in and the arguments have been completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to resolve your differences.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that–your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the Plaintiff has proven his case by a preponderance of the evidence.

INSTRUCTION NO. 21

**Court Has No Opinion**

Let me finish up by repeating something that I said to you earlier.  Neither sympathy nor prejudice should have any influence whatsoever upon you or in any way control your verdict.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You decide for yourselves if the Plaintiff has proven his case by a preponderance of the evidence.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**at COVINGTON**

**CIVIL ACTION NO. 11-386-DLB-CJS**

**DENNY L. FRENCH**                                                                 **PLAINTIFF**

**vs.**                                        **VERDICT FORM**

**CLARKSVILLE STAVE & LUMBER CO., LTD.**                          **DEFENDANT**

******************************

INTERROGATORY NO. 1 - NEGLIGENCE

Do you find by a preponderance of the evidence that Defendant Clarksville Stave & Lumber Co., Ltd.'s driver, Russell Meyer, failed to comply with one or more of the duties, as described in Instruction No. 11, and that such failure was a substantial factor in causing injuries and/or losses to Plaintiff Denny L. French?

Yes    _____

No     _____

DATE                                         FOREPERSON

_____                    _____


If you answered "No" to INTERROGATORY NO. 1, please return to the courtroom with your verdict.

If you answered "Yes" to INTERROGATORY NO. 1, proceed to INTERROGATORY NO. 2.

24

## <u>INTERROGATORY NO. 2 - CONTRIBUTORY NEGLIGENCE</u>

Do you find by a preponderance of the evidence that Plaintiff Denny L. French failed to comply with one or more of the duties, as described in Instruction No. 12, and that such failure was a substantial factor in causing injuries and/or losses to Plaintiff?

Yes    _____

No     _____

DATE                                    FOREPERSON

_____              _____

If you answered "Yes" to INTERROGATORY NO. 2, then proceed to INTERROGATORY NO. 3.

If you answered "No" to INTERROGATORY NO. 2, then proceed to INTERROGATORY NO. 4.

25

## INTERROGATORY NO. 3

Having found both parties to be at fault in this case, and after considering the nature of the conduct of each party and the extent of the causal relationship between the conduct and the damages claimed, the jury finds by a preponderance of the evidence and attributes fault as follows:

Defendant Clarksville Stave & Lumber Co., Ltd.    _____%

Plaintiff Denny L. French    _____%

DATE                                      FOREPERSON

_____                _____

Once you have answered this Interrogatory, please proceed to INTERROGATORY NO. 4

INTERROGATORY NO. 4

Determine from the evidence the sum or sums of money that will fairly and reasonably compensate Denny L. French for the following damages as you believe from the evidence he sustained directly by reason of this accident, if any:

a.   Reasonable and necessary medical
     expenses that French has incurred
     (not to exceed $3,054.81):                    $_____

b.   Business losses to French due to loss of
     the dump truck (not to exceed $101,911):      $_____

c.   French's past physical and mental
     pain and suffering that he has incurred
     (not to exceed $100,000):                     $_____

d.   Property damage to the dump truck
     (not to exceed $12,000):                      $_____

     TOTAL:                                        $_____

DATE                          FOREPERSON

_____              _____

Once you have answered this Interrogatory, please return to the courtroom with your verdict.

G:\DATA\Trial_Notebooks\French-v-Clarksville-Lumber-11-cv-386\Jury Instructions - FINAL.wpd

27